WILBUR R. LAPIDUS, Respondent, *v.* NEW YORK TITLE AND MORTGAGE COMPANY and Another, Appellants.

First Department, May 31, 1935.

*Irving H. Jurow* of counsel [*Harry Rodwin*, attorney], for the appellants.

*Abraham A. Silberberg*, for the respondent.

MERRELL, J. Plaintiff brought this action in replevin for the possession of one of four mortgage certificates issued by the defendant New York Title and Mortgage Company for $10,000. The plaintiff in his complaint alleges that he made an arrangement with the New York Title and Mortgage Company for prepayment to him of interest on four certain mortgage certificates aggregating in value $25,000; that at the request of the New York Title and Mortgage Company the plaintiff deposited with it the said four certificates as an assurance that plaintiff would not assign or sell said certificates until the expiration of the respective periods up to which interest on said certificates was being prepaid. Plaintiff alleges in the eighth paragraph of his complaint that, when he deposited said certificates with the New York Title and Mortgage

Company, the company agreed to return the same to plaintiff on certain specified dates with respect to each certificate, and that as evidence of said agreement the New York Title and Mortgage Company delivered to plaintiff a written memorandum in which the defendant was designated as " the Company," and addressed the same to its representative, and delivered the same to plaintiff. A copy of this memorandum is set forth in the complaint, and shows the total amount of interest to be prepaid, with a deduction of $43.49 as interest charged to the company for making such prepayment. In said memorandum defendant's representative is directed to draw a check to the order of the plaintiff for $1,456,51, balance of the $1,500 interest prepaid, and therein it was stated that the four several certificates were to be returned on certain specified dates. Three of the certificates were duly returned in accordance with said memorandum, but the fourth certificate, No. 10808, which was to be returned on January 1, 1934, has not been returned. Plaintiff acknowledged in writing the receipt of the prepaid interest on said certificates, and consented to all the terms stated in the memorandum. The allegations of the complaint contained in paragraphs eighth and ninth are undenied by the answer of the defendants. Nevertheless, in its answer and by way of counterclaim the defendant alleges " that it was the intent, understanding and agreement of the parties to said contract " that the four numbered certificates of the New York Title and Mortgage Company " should be pledged with the defendant New York Title and Mortgage Company as collateral security for the prepayment of interest to the plaintiff herein in the sum of $1,456.51 net and that said certificates should not be returned to the plaintiff until said advance was repaid to the New York Title and Mortgage Company out of interest earned by said certificates or otherwise." The defendant in its said counterclaim further alleges " that it was the intent, understanding and agreement of the parties that the certificates thus pledged as collateral by the plaintiff * * * should be returned to the plaintiff on the dates specified in the agreement of November 18, 1932, which dates are the interest dates provided in said certificates, and only in the event that said certificates earned the full amount of interest due and payable thereon on said dates and/or in the event that a portion of the advance made to the plaintiff by the New York Title and Mortgage Company commensurate with the interest due and payable on said certificates was repaid by the plaintiff to the defendant New York Title and Mortgage Company on the dates specified in the agreement of November 18, 1932." The defendant further alleges that said numbered certificates

" pledged " by the plaintiff to the defendant " as collateral " did not earn the interest due and payable by the terms of said certificates on the respective dates set forth in said agreement, nor did the plaintiff remit a commensurate portion of said advance to the New York Title and Mortgage Company. Throughout the counterclaim alleged by the defendant it appears to be the contention of the defendant that the deposit of said certificates was as security for the repayment by plaintiff to the company of the amount advanced, and that a balance of $906.25 plus interest still remains unpaid. The purport of the defense and counterclaim alleged by the defendant is that the certificates in question, and, specifically, the last certificate, were delivered as collateral security for the reimbursement by plaintiff to the company of the interest prepaid upon said certificates, and that a balance of $906.25 remains still due and unpaid from plaintiff to the company, and that plaintiff is not entitled to the repossession of the final certificate for $10,000.

While it is true that the defendant does not, by denials, put in issue the allegations of the complaint with reference to the deposit of said certificates, nevertheless, in the answer, the defendant does allege that the real agreement and understanding between the parties was that said certificates should be delivered to the company as collateral security for the interest prepaid. It may be that at the trial of the action the court may hold that the memorandum set forth in the complaint concerning the prepayment of the interest was, at most, an office memorandum and direction by the defendant New York Title and Mortgage Company to its employee, and that the said memorandum does not fully state the real understanding and agreement with reference to the return of said certificates. In such event the counterclaim of the defendant, upon which the defendant demands the payment by plaintiff of the balance of the interest advanced of $906.25 would be entirely proper.

We think the counterclaim of the defendants was properly interposed, and that the order appealed from should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs, with leave to the plaintiff to reply within ten days after service of order with notice of entry, upon payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within ten days from service of order upon payment of said costs.